## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| **JAMES L. NICHOLAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action Nos. 2:21-00401** |
| **v.** | ) | |
| | ) | |
| **SPENCER STATE POLICE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), filed on July 15, 2021. Having examined Plaintiff's Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On July 15, 2021, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document Nos. 1 and 2.) Following an initial screening of Plaintiff's case, the undersigned entered an Order on July 16, 2021, directing Plaintiff to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. (Document No. 5.) On August 6, 2021, Plaintiff filed his

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amended Complaint naming the following as Defendants: (1) Spencer State Police;[2] (2) Tommas Evans, III; (3) Josha Downey; and (4) Teressa Munk.[3] (Id., pp. 1 and 4.) Plaintiff appears to allege that his constitutional rights were violated based upon false arrest, false imprisonment, harassment, and discrimination. (Id., 4.) In support, Plaintiff states as follows:

> Tommas Evans 3rd was in with Josha Downey and Teressa Munk to change the name on the warrant that was meant for James Lennart Nichols to James L. Nicholas and the Roane Co. State Police is working off of it.

(Id.) Plaintiff requests monetary and injunctive relief. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or

---

[2] In the body of his Amended Complaint, Plaintiff indicates that he is actually naming the West Virginia State Police in Spencer, West Virginia. (Document No. 6, p. 4.) To the extent Plaintiff is attempting to state a Section 1983 claim, the undersigned finds that the West Virginia State Police is an improper party. To state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In *Monell*, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Westinghouse Elec. Corp. v. West Virginia Dept. of Highways*, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The West Virginia State Police is a state agency, thus barring Plaintiff's claims. *See Sweat v. West Virginia*, 2016 WL 7422678, * 5 (S.D.W.Va. Dec. 22, 2016)(J. Chambers); *Krein v. West Virginia State Police*, 2012 WL 2470015, * 6 (S.D.W.Va. June 17, 2012)(J. Copenhaver).

[3] By Order entered on July 16, 2022, the undersigned notified Plaintiff of deficiencies in his Complaint and directed Plaintiff to file an Amended Complaint to correct such deficiencies. (Document No. 5.) The undersigned further advised Plaintiff that his Amended Complaint would "supersede the original Complaint (Document No. 2) and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (*Id.*)

employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct

legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992)<u>; also see</u> <u>Goode v. Central Va. Legal Aide Society, Inc.</u>, 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Initially, the undersigned notes that Plaintiff's filings are vague, largely incoherent, and difficult to comprehend. This Court provided Plaintiff instructions and guidance on how to file his claim in order to avoid dismissal and Plaintiff failed to take advantage of such guidance. Despite being provided specific instructions and an opportunity to file an Amended Complaint, Plaintiff continued to assert conclusory claims in his Amended Complaint. Specifically, Plaintiff concludes that he was subjected to a false arrest, false

imprisonment, harassment, and discrimination. The sparse factual allegations provided in support are vague and incoherent. Although this Court must liberally construe Plaintiff's allegations, the Court "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011); also see Giarratano v. Johnson, 521 F.3d 298, 304, n. 5. (4th Cir. 2008). A party must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."); Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990)(Although the standards for screening pursuant to Section 1915(d) and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory.) "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(citing Twombly, 550 U.S. at 557, 127 S.Ct. 1955)(internal quotations omitted). In the instant case, Plaintiff has presented naked assertions of false arrest, false imprisonment,[4]

---

[4] A plaintiff's claim for false arrest or false imprisonment ceases once plaintiff is detained pursuant to legal process, and at this point, plaintiff's claim becomes a claim of malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - - when, for example, he is bound over by a magistrate or arraigned on charges . . . Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.")(internal citations omitted). In the context of a claim for malicious prosecution, the Fourth Circuit recognizes that an appropriate Section 1983 claim is "a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000), *cert. denied*, 531 U.S. 1130, 121 S.Ct. 889, 148 L.Ed.2d 797 (2001)(citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)); *also see Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)(finding that a Section 1983 malicious prosecution claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the

harassment, and discrimination.[5] The undersigned finds that Plaintiff's conclusory claims and vague factual allegations are wholly insufficient to state a cognizable claim. Based on the foregoing, the undersigned respectfully recommends that Plaintiff's above action be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 6) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

common law tort."). To state a Section 1983 claim for a seizure in violation of the Fourth Amendment, the defendant must have "seized plaintiff pursuant to legal process that was not supported by probable cause and the criminal proceeding [must] have terminated in plaintiff's favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)(citing *Brooks*, 85 F.3d at 183-85)). In the instant case, Plaintiff fails to set forth factual allegations of an arrest or the termination of criminal proceeding in his favor.

[5] To establish an equal protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v.Wyche*, 293 F.3d 726, 730-32 (4th Cir. 2002), citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *also see Fauconier*, *supra*, 966 F.3d at 277(The inmate must first show that he was treated differently than other similarly situated inmates). Plaintiff wholly fails to allege any factual allegations to support a cognizable Equal Protection claim.

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se.*

Date: March 1, 2024.

Omar J. Aboulhosn
United States Magistrate Judge